UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-60679-JAL-Civ-LEONARD

LUJEN BRANDS, LLC,

        Plaintiff,

vs.

THE SEMINOLE TRIBE OF FLORIDA, INC.,
MICHAEL ULIZIO, CHRIS OSCEOLA and
HARD ROCK CAFÉ INTERNATIONAL
(USA), INC.

        Defendants.

_____/

**DEFENDANT, HARD ROCK CAFÉ INTERNATIONAL (USA) INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

      Defendant, Hard Rock Café International (USA), Inc. (hereinafter referred to as "HCRI"), pursuant to Federal Rule of Civil Procedure 12(b)(6), seeks dismissal of the Complaint because Plaintiff, Lujen Brands, LLC ("Lujen") lacks standing to state a claim for unjust enrichment against HCRI. Alternatively, HCRI seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(7) because Lujen failed to join an indispensible party pursuant to Rule 19.

**I.     INTRODUCTION AND ARGUMENT**

      Lujen's Complaint purports to state a single claim against HCRI for unjust enrichment. Complaint [D.E. 1], Count 4, ¶¶73-78.[1] The following allegations are made in the Complaint: Lujen is a company that handles management and marketing of musical acts. *Id*. at ¶10. From May 2012 to April 2013, Lujen represented a rock band called Candlebox. *Id*. at ¶11. Lujen

---

[1] On August 1, 2014, this Court entered an Order [D.E. 27] dismissing Counts 1 and 5 of the Complaint against HRCI, based upon Plaintiff's Notice of Voluntary Dismissal of these counts [D.E. 25]. Accordingly, the only count remaining against HRCI is Count 4 (unjust enrichment).

"negotiated in good faith" on behalf of Candlebox, "recommended that Candlebox donate collectible items," "negotiated the appearance of Candlebox" and "recommended Candlebox repurchase rights to a previously released album." *Id*. at p.1-2.  Lujen alleges it performed these services for Candlebox "at significant cost and effort." *Id*.

Lujen alleges that on January 24, 2013, its Managing Member, Matt Iudice, Jr. ("Iudice") attended a meeting with co-defendant, Michael Ulizio ("Ulizio") on behalf of co-defendant, the Seminole Tribe of Florida, Inc. ("STOFI"). *Id*. at ¶¶16-17.  During this meeting, Lujen claims Ulizio made an "agreement to support and invest in the 20th Anniversary tour and promotion" of Candlebox. *Id*. at p.1.  This "agreement was reduced to a written Letter of Intent executed by Ulizio on behalf of STOFI." *Id*. at ¶17; *see also* Letter of Intent [D.E. 1-1], attached as Exhibit A to Complaint [D.E. 1].  No HCRI representatives are alleged to have been present at this meeting nor was HCRI a party to the Letter of Intent that was allegedly signed by Ulizio. *See id*.

Lujen asserts that in reliance on the Letter of Intent and verbal assurances from Ulizio, Candlebox performed a show at the Boston Hard Rock Hotel (sic) (on February 2, 2013) where the band donated an autographed collectible guitar (allegedly in response to a request from STOFI Board Member, Chris Osceola) and performed at the Seminole Hard Rock Hotel & Casino's Burgers & Bash event (on March 1, 2013) for a substantially discounted rate. Complaint*, ¶¶ 19, 21, 26, 33.  Lujen asserts that HRCI, although not a party to the agreement/Letter of Intent, was a "third party beneficiary" of it. *Id*. at ¶34.  It is evident from the Letter of Intent that it was not to be signed by HRCI and in fact, HRCI is not mentioned anywhere in that document. *See* Letter of Intent [D.E. 1-1].  It is alleged that "Candlebox fired Lujen" when the funding Lujen promised to obtain for the rock band failed to materialize.

Complaint at ¶¶37-38.  Against this backdrop, Lujen now seeks to recover against HRCI under the single theory of unjust enrichment.  *Id*. at ¶¶73-78.

The grounds for dismissal of the Complaint are two-fold.  First, under Florida law, a plaintiff must directly confer a benefit on the defendant in order to recover pursuant to a theory of unjust enrichment.  *Wiand v. Waxenberg*, 611 F.Supp. 2d 1299 (M.D. Fla. 2009).  As Lujen's allegations make clear, *if* there was any direct benefit to HRCI, it was conferred by Candlebox, not by Lujen.  As such, if Lujen's unjust enrichment claim proceeded against HRCI and recovery was permitted from HRCI, Lujen would be unjustly enriched through compensation for shows it never performed and a guitar it did not donate.  Lujen may have a claim for unjust enrichment against Candlebox for the alleged benefit Lujen conferred on the band without proper compensation.  However, in either instance, Lujen lacks standing to assert a claim for unjust enrichment against HRCI and the dismissal with prejudice of this action against HRCI is warranted.  Second, the Complaint fails to name Candlebox as a party, thereby failing to comply with Rule 19 of the Federal Rules of Civil Procedure.

## II.     MEMORANDUM OF LAW

### A.     Standard Of Review

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The United States Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations (internal citation omitted), a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Furthermore, "[o]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*., *citing Papason v. Allain*, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, *citing* 5 C. Wright and A. Miller, Federal Practice & Procedures, § 1216, pp. 235-236 (3rd Ed. 2004). Vague and conclusory allegations and "threadbare recitals" of the elements of a cause of action are insufficient to satisfy Federal Rule of Civil Procedure 8.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  While only a short and plain statement is required, it must have more than bare assertions that "the-defendant-unlawfully-harmed-me." *Id.* (citing *Twombly*, 550 U.S. at 555).

Here, even accepting all of Lujen's allegations as true, the Complaint fails to state a claim upon which relief can be granted for the reasons set forth below.

**B.**   **Lujen Lacks Standing To Pursue Its Unjust Enrichment Claim Against HRCI.**

To state a claim for unjust enrichment, a plaintiff must plead the following elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.  *Compania de Eleborados de Café v. Cardinal Capital Management, Inc.*, 401 F.Supp. 1270, 1280 (S.D. Fla. 2003).  Critically, in order to state a claim for unjust enrichment under Florida law, the plaintiff must "allege that it had *directly* conferred a benefit on the defendants."  *Century Sr. Services v. Consumer Health Ben. Ass'n., Inc.*, 770 F.Supp.2d 1261, 1267 (S.D. Fla. 2011) (emphasis in original), citing *Peoples Nat. Bank of Commerce v. First Union Nat. Bank of Florida, N.A.*, 667 So.2d 876, 879 (Fla. 3d DCA 1996).

4

Without this essential element, a claim for unjust enrichment cannot survive.  A benefit that a defendant gains that does not come directly from the plaintiff does not give rise to a claim for unjust enrichment.  *Id.*

The Complaint fails to state a claim for unjust enrichment against HRCI. Indeed Lujen cannot state a colorable claim for unjust enrichment and accordingly this actions fails, subjecting it to dismissal with prejudice.

Per the allegeations of the Complaint, the direct "benefits" conferred upon HRCI came from Candlebox not from Lujen.  In pertinent part, Plaintiff alleges that :

> 19.  . . . **Candlebox** continued to tour and **performed a sold out show at the Boston HRCI Hotel** (sic) on or about February 2, 2013.
>
> 21.  At the Boston HRCI (sic) concert, in response to a request by STOFI's Board member Osceola, **Candlebox donated an autographed collectible guitar to HRCI** . . .
>
> 33.   Based upon the verbal assurances of Ulizio and Osceola that the promised funds would be paid the week following the concert, **Candlebox performed** on March 1, 2013 **at the Seminole HRCI Hotel & Casino's Burgers & Bash event** in Hollywood, Florida.

Complaint, ¶¶19, 21, 33.

Given that HRCI was allegedly enriched by Candlebox's performances and the guitar donation, Lujen does not have standing to assert a claim for unjust enrichment against HRCI. Although Count 4 of the Complaint is careful to vaguely track the elements of a cause of action for unjust enrichment (e.g., "Lujen has conferred a benefit on all Defendants who have knowledge thereof"), Lujen's factual assertions demonstrate no direct benefit conferred upon HRCI by Lujen.  Instead, each and every allegation alleging a "benefit" conferred upon HRCI centers on alleged conduct performed by Candlebox.  *See id.* at ¶¶10-38.

The Complaint includes general allegations that Lujen "negotiated in good faith," "recommended that Candlebox donate collectable items," and "negotiated the appearance of Candlebox." Complaint, p.1-2 ("Introduction"). These allegations evince that Lujen may have a claim against Candlebox for benefits the alleged promoter directly conferred upon the rock band and simultaneously establish Lujen has no direct claim against HRCI. *See id.* The type of conduct allegedly performed by Lujen (advising Candlebox and negotiating on its behalf with STOFI) clearly did not *directly* confer any benefit on HRCI—an absolute requirement to state an unjust enrichment claim in Florida.

In *Century Sr. Services v. Consumer Health Ben. Ass'n., Inc.*, 770 F.Supp.2d 1261 (S.D. Fla. 2011), an interpleader stakeholder (Century Sr. Services, hereinafter "CSS") moved to dismiss the action and various counterclaims brought against it for failure to state a claim. *Id.* at 1264-64. One of the counterclaims alleged unjust enrichment against CSS by defendant Magnolia, who claimed that CSS "derived and continues to derive substantial income and other economic benefits from Magnolia's sale of NBC's and CHBA's products." *Id.* at 1267. In evaluating CSS's motion to dismiss, the court noted that in order to state a claim for unjust enrichment in Florida, a party must allege that it *directly* conferred a benefit on the defendants. *Id.* "A benefit that a defendant gains that does not come directly from the plaintiff does not give rise to a claim for unjust enrichment." *Id.* The language of Magnolia's counterclaim did not include any allegation of a benefit conferred directly onto CSS by Magolia. *Id.* Rather, Magnolia claimed that CSS "derived" benefits from Magnolia's sales. *Id.* Furthermore, Magnolia had attached contracts to its complaint which demonstrated that any benefit CSS gained from Magnolia was "indirectly derived through other corporations doing business with

Magnolia." *Id*.  Accordingly, the Court dismissed Magnolia's unjust enrichment counterclaim against CSS.  *Id*.

Similarly here, Lujen has not alleged nor can it credibly claim it conferred any *direct* benefit on HRCI.  Instead, Lujen merely describes its position as Candlebox's alleged manager and then outlines various benefits which it claims HRCI received from Candlebox—two performances and a donated guitar.  As in *Century,* even if it is assumed for the purposes of this Motion that HRCI gained an unfair benefit from Candlebox (which it denies), it is axiomatic that these benefits did not come directly from Lujen.  Because a party must allege and prove that it *directly* conferred a benefit on the defendant in order to state a claim for unjust enrichment, dismissal with prejudice is warranted.[2]

In addition, the Complaint fails to state a claim because Plaintiff has not pled (and cannot properly plead) the fourth element of a claim for unjust enrichment: "the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff."  *See* discussion, supra at II(B), ¶1.  Lujen attempted to satisfy this requirement by alleging:

> 76.    The circumstances render the Defendants' retention of the benefit inequitable unless all of the Defendants pay to Lujen the value of the benefit.

Complaint, ¶76.  However, Lujen is not Candlebox, Lujen is not an agent of Candlebox and there is no allegation that Candlebox assigned Lujen its right to sue.  Indeed, Lujen admits that it no longer represents Candlebox.  *Id*. at ¶38.  As discussed, the alleged "benefit" to HRCI consists of two Candlebox performances and a Candlebox-donated guitar.  For the purposes of this Motion,

---

[2] Dismissal with prejudice is warranted because Lujen's claim for unjust enrichment cannot stand based upon the facts in this case.  Even if Lujen were to attempt to amend its complaint to allege that HRCI received an indirect or derivative benefit from Lujen's services to Candlebox, this argument is insufficient under Florida law.  In *Century,* the court specifically found that Magnolia's allegations that CSS "derived" benefits from its sales were insufficient to confer standing on Magnolia.  Lujen must have conferred a direct benefit on HRCI, which it did not.

even if it were assumed that HRCI were to pay the claimed "reasonable value" of this benefit, such compensation should not rightly go to Lujen (who did not perform the concerts or donate the guitar). *See* Complaint. Conversely, if this matter were to proceed and HRCI were required to compensate Lujen for an amount equal to the value of the two performances and the guitar, this would result in *Lujen* being unjustly enriched. A contract implied in law is a fiction of the law, adopted to achieve justice and enforce legal duties where no true contract exists. *Magwood v. Tate*, 835 So. 2d 1241 (Fla. 4th DCA 2003). No justice would be achieved by compensating Lujen for Candlebox's performances and donation. Lujen must be prevented from pursuing its unjust enrichment claim against HRCI.

The foregoing discussion reflects a general consensus on this issue among other jurisdictions. *See, e.g., Kaye v. Grossman,* 202 F.3d 611, 616 (2nd Cir. 2000) (verdict reversed because Marc, not Defendant Laura, actually benefited from the Plaintiff's loan. Although the Defendant may have "received some indirect benefit from the loan . . . it does not establish the specific and direct benefit necessary to support an unjust enrichment claim"); *J.W. Thompson Co. v. Welles Products Corp.*, 758 P.2d 738, 745 (2000) ("because there is no privity between the parties, and because Browning did not allege any induced detriment, we agree with the district court that Browning's claim of unjust enrichment fails"); *In re Potash Antitrust Litigation*, 667 F.Supp.2d 907 (N.D. Ill. E. Div. 2009) (indirect purchasers of Potash who did not suffer injury in fact lacked standing to sue for unjust enrichment); *In re WorldCom, Inc.*, 546 F.3d 211 (2d Cir. 2008) (unjust enrichment requires one not in privity with the enriched party to demonstrate some detriment induced by that party); *Bartfield v. Murphy*, 578 F.Supp.2d 638 (S.D.N.Y. 2008) (member's unjust enrichment claim was derivative, and thus LLC was a necessary party, where other member's enrichment harmed LLC and not plaintiff member); *Xpedior Creditor Trust v.*

8

*Credit Suisse Inc.*, 341 F.Supp.2d 258 (S.D.N.Y. 2004) (creditor trust lacked standing to claim unjust enrichment in absence of allegation that underwriter was enriched at predecessor's expense; claim belonged to underwriter's clients).  Here, Lujen has failed to allege (and cannot possibly allege based upon the facts presented) that it *directly* conferred any benefit on HRCI.  The Complaint must be dismissed with prejudice for lack of standing because Candlebox—not Lujen—conferred any direct benefit for which Lujen seeks recovery on this action against HRCI.

> **C.**   **Lujen's Failure To Join Candlebox As An Indispensable Party is A Fatal Defect.**

HCRI also moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(7), because Candlebox, an indispensable party to this action, has not been joined.  Fed. R. Civ. P. 19 sets forth a two-part analysis to determine whether a party is indispensable: first, a court must decide whether the party in question should be joined; and second, if the party should be joined but cannot be, the court must determine whether in equity and good conscience the action can proceed in the party's absence.  *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279–80 (11th Cir. 2003); *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999); *Dewitt v. Daley*, 336 B.R. 552, 555 (S.D. Fla. 2006); *BFI Waste Sys. of N. Am., Inc. v. Broward County*, 209 F.R.D. 509, 514 (S.D. Fla. 2002).

In making the first determination whether a party should be joined, "pragmatic concerns, especially the effect on the parties and the litigation, control."  *Focus on the Family*, 344 F.3d at 1280 (quoting *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982)).  Rule 19(a) sets forth three distinct but interrelated factors for a court to consider in this analysis.  *BFI Waste Sys.*, 209 F.R.D. at 514.  First, an absent party must be joined when complete relief cannot be accorded among those already parties to the action.  *Id.*; *see also* Fed. R. Civ. P. 19(a)(1).  Second, an absent party must be joined if the absent party's material interest

will be prejudiced by a resolution reached in the party's absence.  *BFI Waste Sys.*, 209 F.R.D. at 516; Fed. R. Civ. P. 19(a)(1)(B)(i).  Next, an absent party must be joined if a judgment rendered in that party's absence may subject those, already parties, to a substantial risk of incurring inconsistent obligations.  *BFI Waste Sys.*, 209 F.R.D. at 515; Fed. R. Civ. P. 19(a)(1)(B)(ii).  An absent party must be joined if a judgment rendered in the party's absence may prejudice material interests of the absent party.  *Laker Airways*, 182 F.3d at 848.

Candlebox is an indispensable party to this litigation based upon multiple grounds.  First, if Lujen has any claim for unjust enrichment, its claim is properly brought against Candlebox based upon the allegations stated in the Complaint—i.e., that Lujen performed good and valuable services for Candlebox and Candlebox fired Lujen.  *See* Complaint at ¶10-38.  Therefore, Candlebox should have been joined because complete relief cannot be accorded among the parties to the present matter.  This case cannot be fully adjudicated without a consideration of Candlebox's role in the events leading up to this litigation.  Next, Candlebox should have been joined because its absence poses significant risk that HRCI's interests will be prejudiced by a resolution reached in Candlebox's absence.   Under the analysis used in *Laker Airways*, Candlebox's conduct must be considered by the Court in adjudicating the merits of this case. Further, HRCI is at substantial risk for assuming multiple obligations if this Court were to allow Lujen to proceed against it and not Candlebox.  Finally, Candlebox should have been joined because a judgment rendered in Candlebox's absence may subject those already parties to this matter to a substantial risk of incurring inconsistent obligations.

In *Kawahara Enterprises, Inc. v. Mitsubishi Electric Corporation*, Kawahara Enterprises, Inc. ("Plaintiff") sued Mitsubishi Electric Corp. ("Defendant") for breach of contract, fraud, unjust enrichment, conversion and copyright infringement.  1997 WL 34710296, p.2 (U.S.D.C.,

S.D. New York, 1997).  In short, the facts were as follows:  Defendant entered into a contract with a hotel owner to manufacture and install light fixtures, and then subcontracted a portion of that work to Plaintiff.  *Id*.  However, a subcontract to supply the fixtures was prepared in the names of Kawahara Lighting Corporation ("KLC") and Mitsubishi Electric Life Tech Tokyo Co., Ltd. ("MELT"), two Japanese subsidiaries of Plaintiff and Defendant.  *Id*.  Although neither KLC nor MELT was named a party to Plaintiff's lawsuit, Plaintiff claimed that KLC and MELT were functioning as agents for Defendant's parent corporation and that Defendant represented to Plaintiff that it would be responsible for the contract signed by MELT.  *Id*.  Plaintiff claimed that after it prepared drawings of the light fixtures, Defendant converted them for its own use. *Id*.  Plaintiff also alleged that it relied upon Defendant's false verbal representations that it would be responsible for the contract signed by MELT and false promises to pay for any additional costs incurred by MELT.  *Id*.  Finally, Plaintiff alleged that although Defendant was paid in full by the hotel for installing the light fixtures, Defendant failed to pay Plaintiff.  *Id*. Defendant moved for summary judgment of the unjust enrichment claim based, in part, on Plaintiff's failure to join KLC and MELT as necessary parties pursuant to Fed. R. Civ. P. 19(a) and (b).  *Id*.  The Court noted, "plaintiff is suing to enforce an agreement that lists KLC and MELT as the contracting parties. . . Thus, despite plaintiff's claim that this agreement was really between plaintiff and defendant— and not between KLC and MELT—I find it difficult to conclude that an action where these issues are litigated should proceed without either KLC or MELT."  *Id*.  The court dismissed Plaintiff's unjust enrichment claim for failure to join an indispensible party.  *Id*.

Similar to the plaintiff in the *Kawahara* case, Lujen alleges there was an agreement with STOFI which somehow benefitted HRCI.  However, the allegations make clear that Lujen's

actions were actually induced by its agreement with Candlebox: "From May 2012 to April 2013, Lujen represented Candlebox." Complaint, ¶11. Lujen represented Candlebox, negotiated on its behalf, and made recommendations based upon some agreement it had with the band. *See id.* at p.1-2. Despite the fact that Lujen performed services for Candlebox, "Candlebox fired Lujen." *Id*. at ¶38. Even if this termination occurred as it is alleged: "as a direct and proximate result of the failure of STOFI to provide the promised funds," (*Id*.) Lujen's action should not and cannot properly proceed without Candlebox.

## III.   CONCLUSION

For the foregoing reasons, Defendant, Hard Rock Café International (USA), Inc. respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Defendant hereby certifies that its counsel has conferred with Plaintiff's counsel in a good faith attempt to resolve the issues raised in this motion, but the parties were unable to come to agreement regarding their positions.

Dated this <u>11th</u> day of August, 2014     Respectfully submitted

*s/Brooke L. Ehrlich*
H. JACEY KAPS
Florida Bar No. 0056677
E-Mail: jkaps@rumberger.com
BROOKE L. EHRLICH
Florida Bar No. 0058735
E-Mail: behrlich@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Brickell City Tower, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida  33101
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580

Attorneys for Defendant HRCI Café
International (USA), Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF on August 11, 2014 and on all counsel or parties of record on the Service List below.

*s/Brooke L. Ehrlich*

H. JACEY KAPS
Florida Bar No. 0056677
E-Mail: jkaps@rumberger.com
BROOKE L. EHRLICH
Florida Bar No. 0058735
E-Mail: behrlich@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Brickell City Tower, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida  33101
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580

Attorneys for Defendant HRCI Café International (USA), Inc.

<u>**SERVICE LIST**</u>

**Stefanie C. Moon, Esq.**
Florida Bar No. 74195
E-Mail:  scmoon@scmoonlaw.com
S.C. Moon Law
1408 S. Andrews Avenue
Ft. Lauderdale, Florida 33316
Tel: (954) 530-7182
Fax: (954) 341-1044

*Attorneys for Plaintiff*

**Michael S. Popok, Esq.**
Florida Bar No. 44131
E-Mail: mpopok@wsh-law.com
szavala@wash-law.com
**Edward G/ Giedes. Esq/**
Florida Bar No. 768103
E-Mail: eguedes@wsh-law.com
**Alicia H. Welch, Esq.**
Florida Bar No. 100431
WEISS SEROTA HELFMAN
PASTORIZA COLE & BONISKE, P.L.
2525 Ponce de Leon Boulevard
Suite 700
Coral Gables, Florida 33134
Tel: (305) 854-0800
Fax: (305) 854-2323

14